1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH BRAGGS, | ) | No. C 10-0096 JSW (PR) |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING COMPLAINT** |
| | ) | **WITHOUT PREJUDICE** |
| vs. | ) | |
| | ) | |
| STATE OF CALIFORNIA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**INTRODUCTION**

Petitioner, currently incarcerated by the State of California at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  The complaint is largely incomprehensible.  This order reviews the complaint pursuant to 28 U.S.C. § 1915A  and dismisses the complaint for the reasons set forth below.

**DISCUSSION**

Plaintiff's complaint is incomprehensible, commencing with a discussion of Plaintiff's desire to assert his "Hawaiian citizenship" and to be deported there.  Plaintiff goes on to complain about celibacy in prison as well as his father's failure to pay child support to his mother during his childhood.  The complaint goes into problems he has with how his trial was conducted, as well as complaints about conditions of his confinement, including that some money of his "went missing" when he was moved between prisons during his incarceration in 1995 or 1996 and that the proximity of toilets within the prison results in his being subjected to unpleasant smells.

A.  <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *See id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  <u>Legal Claim</u>

In this case, Plaintiff has filed a complaint raising numerous issues.  However, Plaintiff's complaint fails to set forth any comprehensible allegations from which the Court can discern a legitimate basis for his complaint.

A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although a complaint is not "frivolous" within the meaning of sections 1915A and 1915(e)(2) because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), *see Neitzke*, 490 U.S. at 331, failure to state a claim is a separate basis for dismissal under sections 1915A and 1915(e)(2).

A dismissal as legally frivolous is proper only if the legal theory lacks an arguable basis, while under Rule 12(b)(6) a court may dismiss a claim on a dispositive issue of law without regard to whether it is based on an outlandish theory or on a close but ultimately unavailing one.  *See id.* at 324-28.  A claim that is totally incomprehensible

may be dismissed as frivolous as it is without an arguable basis in law.  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989).  The Court is unable to ascertain a cognizable federal claim from Plaintiff's incomprehensible civil rights complaint.  As such, the entire complaint fails to state a claim for relief and is dismissed.

## CONCLUSION

Based on the foregoing, this action is DISMISSED.  The Clerk of Court shall close the file and enter judgment in accordance with this order.

IT IS SO ORDERED.

DATED:  January 22, 2010

_____
JEFFREY S. WHITE
United States District Judge

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH B. BRAGGS,

            Plaintiff,

  v.

STATE OF CALIFORNIA,

            Defendant.

_____/

Case Number: CV10-00096 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 22, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Joseph Braggs
P.O. Box 7500
J58142
Crescent City, CA 95531

Dated: January 22, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk